# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE SEVENTH CIRCUIT

## NO. 25-1327

| | | |
|---|---|---|
| HIGH PERFORMANCE ALLOYS, INC, | ) | Appeal from the United States |
| | ) | District Court for the Southern District |
| Defendant-Appellant | ) | of Indiana |
| | ) | |
| v. | ) | Case No. 1:23-cv-01875-SEB-MG |
| | ) | |
| INSURANCE COMPANY | ) | |
| OF THE WEST, | ) | |
| | ) | |
| Plaintiff-Appellee | ) | |

___

## APPELLANT'S REPLY BRIEF

___

Robert J. Palmer (6316-71)
Matthew J. Anderson (27511-71)
Attorneys for Appellant
**MAY • OBERFELL • LORBER LLP**
4100 Edison Lake Parkway, Ste. 100
Mishawaka, IN 46545
Phone: (574) 243-4100
Fax: (574) 232-9789
rpalmer@maylorber.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………………………...3

REPLY ARGUMENT…………………………………………………………………………..4

      The applicability of the C-5 exclusion for "bodily injury intentionally caused or aggravated by you" is the precise issue before this Court and has yet to be resolved by the Indiana Supreme Court……………………………………………..……...4

      Further reply to ICW statements……………………………………………………..7

CONCLUSION………………………………………………………………………….…...8

CERTIFICATION OF COMPLIANCE………………………………………………………...9

CERTIFICATION OF SERVICE………………………………………………………...10

# TABLE OF AUTHORITIES

**Cases**

*Auto-Insurance Company v. Harvey*, 842 N.E.2d 1279 (Ind. 2006)………………………………6

*Baker v. Westinghouse Electric Corp.,* 637 N.E.2d 1271 (Ind. 1994)……………………….5, 6, 7

*Property-Owners Insurance Company v. Virk Boyz Liquor Stores, LLC*,
    219 F Supp.3d 868 (N.D. Ind. 2016)……………………………………………..………..5

*PSI Energy, Inc. v. Home Insurance Company,* 801 N.E.2d 705 (Ind. Ct. App. 2004)………....6, 7

*Trisler v. Indiana Insurance*, 575 N.E.2d 1021 (Ind. Ct. App. 1991)…………………………..…5

# REPLY ARGUMENT

## The Applicability of the C-5 Exclusion for "Bodily Injury Intentionally Caused or Aggravated by You" is the Precise Issue Before this Court and Has Yet to be Resolved by the Indiana Supreme Court.

ICW argues that this Court "need not even address" whether the category "actual knowledge an injury is certain to occur" is excluded by the intentional acts exclusion of the insurance policy. (Appellee's Brief at 19). According to ICW, this is so, because the *Sullivan* Complaint alleges only that HPA acted with an intent to inflict an injury on Sullivan. (Appellee's Brief at 19-20).

ICW's position might have some merit if the only allegation against HPA in the underlying lawsuit was that HPA acted with an actual intent to inflict an injury on Sullivan. However, the underlying lawsuit alleges that:

> "74. That, upon information and belief, Defendant HPA acted with gross negligence and in a willful and wanton manner, without regard to the safety of others.
>
> 75. That prior to Elliot's death, HPA received a 'serious violation from the Indiana Occupational and Safety Health Administration for having 'ineffectively guarded' equipment which exposed employees to potentially be 'struck-by-and caught-in hazards.'
>
> 76. That Defendant HPA had actual knowledge that its employees were in danger of being struck-by and caught-in hazards due to Defendant HPA's failure to properly safeguard the employees from the machinery using protective shields.
>
> 77. That, upon information and belief, Defendant HPA knew or should have known that the Erie Forge Press was dangerous and failed to correct its dangerous condition.
>
> 78. That, upon information and belief, Defendant HPA had actual knowledge of a Lake Erie software and/or system update that allowed 750 Ton Press operators the ability of precision during the calibration and measuring process without the need for shims or hard-stops.
>
> 79. That, upon information and belief, despite this actual knowledge, Defendant HPA failed to install this update and continued to force

> employees to use the hard-stops and/or shims knowingly placing employees in danger while the machine was in operation.
>
> 80. That based on this conduct, Defendant HPA acted with actual intent to cause injury to Elliot.
>
> 81. That, as a direct and proximate of the grossly negligent, and careless acts and omissions of HPA Elliot lost his life, entitling Plaintiffs to recover damages."

(DKT #35-1 at 12-13). These allegations cover the entire spectrum from gross negligence towards HPA employees in general to a specific actual intent to cause injury to Sullivan. Although the underlying complaint does not allege that HPA had knowledge that an injury to an employee was "substantially certain," such claim is well within the factual allegations of the underlying complaint.

ICW's duty to defend is not based solely on the allegations of the underlying complaint. The duty to defend is determined also by facts known or ascertainable by the insurer after a reasonable investigation. *Trisler v. Indiana Insurance*, 575 N.E.2d 1021, 1023 (Ind. Ct. App. 1991). An insurer must provide a defense unless "there is no possible factual or legal basis on which the insurer might be obligated to indemnify." *Property-Owners Insurance Company v. Virk Boyz Liquor Stores, LLC*, 219 F Supp.3d 868, 873 (N.D. Ind. 2016) (applying Indiana law). The factual allegations of the underlying complaint, and facts known or ascertainable by ICW after a reasonable investigation, establish the factual and legal basis for a claim within the "substantial certainty" category.

Under Indiana law, an employer's acts are excluded from the exclusive remedy of the Worker's Compensation Act only if the employer had "intent to inflict an injury" or had "actual knowledge that an injury is certain to occur." *Baker v. Westinghouse Electric Corp.,* 637 N.E.2d 1271, 1275 (Ind. 1994). Because the underlying complaint alleges

5

facts from which both categories of conduct fall into, contrary to the district court's opinion and ICW's argument, it is necessary to determine whether, under Indiana law, the C-5 Intentional Act Exclusion applies to both types of conduct.

ICW concedes that Indiana courts have not specifically considered the precise issue of coverage arising from the two types of intent which remove a claim from workers' compensation jurisdiction. (Appellee's Brief at 14). This is exactly the reason that the issue should be certified to the Indiana Supreme Court for its consideration of the issue under the public policy of the State of Indiana. It is also the exact reason that this Court should look at the jurisprudence of other states for guidance if it chooses not to certify the question.

HPA cited and discussed cases applying the jurisprudence of Michigan, Connecticut, Florida, and New Jersey, each involving the applicability of the same C-5 Exclusion for "bodily injury intentionally cause or aggravated by you" for acts that an employer knows is substantially certain to cause injury. Each court ruled that the C-5 Exclusion did not apply. The insurer therefore had a duty to at least defend, and possibly indemnify, the employer for such acts.

ICW attempts to distinguish these cases. In doing so, ICW ignores that, under Indiana law, the duty to defend is not determined solely on the allegations of the complaint but also upon facts known or ascertainable by the insurer after a reasonable investigation.

Significantly, ICW cites no case in which any court has ruled that coverage for the substantial-certainty category is excluded by the C-5 Exclusion. The two cases ICW does cite, *Auto-Insurance Company v. Harvey*, 842 N.E.2d 1279 (Ind. 2006) and *PSI Energy,*

6

*Inc. v. Home Insurance Company,* 801 N.E.2d 705 (Ind. Ct. App. 2004) involve different exclusions contained in different types of policies and have no relevance to the present case.

### **Further Reply to ICW's Statements.**

ICW twice refers to its coverage for worker's compensation benefits. (Appellee's Brief at 1, 10). This is irrelevant because HPA remains a Defendant in the underlying lawsuit for intentional acts. ICW must defend and indemnify HPA for any such acts that are not excluded by the C-5 Exclusion.

ICW argues that: "Sullivan's claims cannot survive outside the purview of the Worker's Compensation Act unless HPA acted with the intent to harm Elliot . . ." (Appellee's Brief at 13). This statement is inaccurate. As established in HPA's Appellant's Brief and above, if the allegations of the underlying complaint possibly states facts from which it could be argued that HPA acted with knowledge that an injury was substantially certain, whether it be to Sullivan or to another employee, the claim would "survive outside of the purview of the Worker's Compensation Act."

The issue before this Court does not involve what claims fall within the exclusivity remedy of the Worker's Compensation Act. HPA acknowledges that any claim other than a deliberate intent to inflict an injury or actual knowledge that an injury is certain to occur is excluded from the exclusive remedy of the Worker's Compensation Act. *Baker v. Westinghouse Electric Corp*, 637 N.E. 2d at 1275. The issue before this Court is whether the C-5 Exclusion excludes coverage for both types of intentional conduct. Although Indiana appellate courts have not ruled on the precise issue, the courts

of other jurisdictions, applying the same exclusion, have decided that the C-5 Exclusion does not apply to the substantial certainty type of conduct.

## CONCLUSION

For the foregoing reasons, Appellant, High Performance Alloys, Inc., respectfully requests the Court to certify the issues before it to the Indiana Supreme Court. Alternatively, Appellant requests the Court to reverse the judgment of the district court and remand for entry of judgment in favor of High Performance Alloys, Inc., on its counter-claim for declaratory judgment.

Respectfully submitted by,

/s/Robert J. Palmer
Robert J. Palmer (6316-71)
Matthew J. Anderson (27511-71)
Attorneys for Appellant

**MAY • OBERFELL • LORBER LLP**
4100 Edison Lakes Parkway, Suite 100
Mishawaka, IN 46545
Telephone: (574) 243-4100
Facsimile: (574) 232-9789

## CERTIFICATION OF COMPLIANCE

1. This document complies with the word limit of Fed.R.App.P. 32(a)(7) because, excluding the parts of the brief exempted by Fed.R.App.P. 32(f), this brief contains 1,252 words.

2. This brief complies with the typeface requirements of Fed.R.App.P 32(a)(5) and the type-style requirements of Fed.R.App.P 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word 2022 in Times New Roman 12-point with 11-point footnotes.

December 12, 2025

/s/ Robert J. Palmer
Robert J. Palmer (6316-71)

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

      /s/ Robert J. Palmer
Robert J. Palmer (6316-71)